(85 Misc. Rep. 12)

### MORSE et al. v. DAYTON.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. WITNESSES (§ 140*)—COMPETENCY—DECLARATIONS OF DECEDENT.

In an action for goods sold to defendant by a firm, one of the members of which afterwards died, evidence of an agreement between defendant and the deceased partner that defendant should give a note which should be paid by the firm if defendant had not bought goods to its full amount when it became due, and that such decedent afterwards told defendant that they would take up the note, was not admissible under Code, § 829, providing that a party or person interested in the event shall not be examined as a witness against the survivor of a deceased concerning a personal transaction or communication between witness and decedent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*]

2. SALES (§ 359*)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE—PAYMENT.

In an action for goods sold and delivered to defendant, in which defendant alleged payment, evidence held to show payment by defendant of the amount sued on by payment of a certain note.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Russell P. Morse and another comprising the firm of the Business Equipment Company against Estey F. Dayton, doing business under the name of the Dayton Manufacturing Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Pratt & Koehler, of New York City (Jerome H. Koehler and John R. Powelson, both of New York City, of counsel), for appellant.

William H. Snowden, of New York City, for respondents.

LEHMAN, J. The plaintiffs have recovered judgment for the sum of $199.45, the value of goods sold and delivered to the defendant by the Business Equipment Company. For some time prior to April 7, 1913, the Business Equipment Company was the trade-name of a copartnership consisting of Emma J. Richards and one E. A. Dickinson. Dickinson died a short time before April 7th, and on that day the surviving partner and the administratrix of the deceased partner assigned the assets of the copartnership to the plaintiffs herein, who continued the business under the same trade-name. It appears that almost all the goods which are the subject of this suit were sold by the first copartnership, and at the trial the sales made by the Business Equipment

Company were regarded as part of one continuing account. The defendant concedes the sale and delivery of the goods and relies upon his defense of payment.

To establish this defense the defendant testified to a conversation with Dickinson in November, 1912, held at a time when the defendant owed the Business Equipment Company about $77, in which it was stated that the defendant should give a three-month note for $200, that if when this note became due the defendant had not bought goods of the Business Equipment Company up to the full amount of the note, the Business Equipment Company should pay the note, and that then the defendant would give a new note for $200, and that when the second note became due, the defendant would surely have used up the balance and would then take up the note himself. About a week before the note became due, the defendant called up Dickinson on the telephone, and stated to him that he had then bought goods to the value of about $150 against this note; that he had not taken up the entire amount of the note, and therefore it was up to Dickinson to take up the note himself, and Dickinson answered: "That will be all right, we will take up the note."

[1, 2] All of this testimony was objected to "under section 829 of the Code," and in my opinion the objection should have been sustained. The trial justice, however, admitted it "provisionally," together with considerable other testimony showing further transactions and conversations between defendant and the parties constituting the Business Equipment Company. At the close of the defendant's case, the plaintiff moved for judgment on the ground that "all the conversations are had with Mr. Dickinson, a deceased person." The trial justice granted this motion, and I think that upon this appeal we should consider that he struck out all the incompetent testimony "provisionally" admitted; but it seems to me that the trial justice has overlooked the fact that the defendant has presented sufficient competent evidence to establish his defense, even though the incompetent evidence be regarded as out of the case.

The defendant testified that after these conversations, and two days before the note became due, he called at the office of the Business Equipment Company, and was told by Miss Richards that her partner, Mr. Dickinson, was very ill. He then informed Miss Richards:

"I now owe you about $150 on my account, but as agreed with Mr. Dickinson, it is the duty of the Business Equipment Company to take up this note at this time, as the note is $200. I have not yet used all of the amount which is coming in goods against this note. That I will give you a new note, and that at the time the new note expires, I will surely have taken up or taken the goods to the amount of the note, and will then take up the note myself, and I will take it up myself, in any case, the new note as agreed."

Miss Richards agreed to this, and gave him a check, signed by a friend of hers, for the amount of the note. In the course of a week, the defendant gave Miss Richards a new note to the order of the Business Equipment Company. Immediately after the assets of the Business Equipment Company were transferred to the plaintiffs, the defendant explained to them in Miss Richards' presence the fact that he had given the note only to cover the account that might be due at

the time when the note became due. When the note became due, the defendant owed $199.45, and paid the note. None of this testimony was denied, and the note and check were admitted in evidence. This testimony was entirely competent, and it contains every element necessary to the inference that payment of the note was intended to constitute payment of the account.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.